UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-60009-KMM/AOV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HANDY BELIZAIRE,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Handy Belizaire.  *See* (ECF No. 24) (Order of Referral from District Judge K. Michael Moore). Having held the change of plea hearing on March 11, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1]

    1.    At the change of plea hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from the District Judge.  The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by

---

[1] This Report and Recommendation reiterates the Court's findings at the change of plea hearing. The transcript of the proceeding is incorporated by reference.

the District Judge. Defendant, his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The undersigned conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3. After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to Counts 1 and 2 of the Indictment, which charge him with two bank robberies, in violation of 18 U.S.C. § 2113(a). The undersigned advised Defendant that the Court may impose up to a 20-year term of imprisonment per count, followed by a term of supervised release of up to 3 years. In addition to any term of imprisonment, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100 per count, which is to be paid at the time of sentencing. Defendant was further notified of the possibility of restitution and forfeiture. Defendant acknowledged that he understood the potential penalties that could be imposed in this case.

4. Defendant was also informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge.

5. To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. *See* (ECF No. 28) (Factual Proffer). The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

6.  The parties entered into a written plea agreement that was filed with the Court. *See* (ECF No. 27). The undersigned reviewed the terms of that plea agreement on the record, and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant represented that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case, including the evidence against him, with his attorney.

7.  Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

8.  Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

9.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by separate order from the District Judge.

The parties have **14 days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge. Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of March 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
    All Counsel of Record

4